UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GEORGE K. SUSICK,

    Plaintiff,

v.                                        Case No. 5:22-cv-171-TKW-MJF

STATE OF FLORIDA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

George Susick is a federal prisoner currently confined at the United States Penitentiary in Terre Haute, Indiana. Doc. 1. Susick filed a *pro se* pleading titled "Petition for a Preliminary Injunction and Request for 1983 Packet." Doc. 1. Susick's petition has no statutory label—it does not indicate whether it is brought under the civil rights statute, 42 U.S.C. § 1983, or the habeas corpus statute, 28 U.S.C. §§ 2241 or 2254. The District Court should summarily dismiss Susick's petition because his allegations do not give rise to a plausible claim for relief under either remedial framework.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

## I. ALLEGATIONS OF SUSICK'S PETITION FOR INJUNCTIVE RELIEF

Susick alleges that on September 3, 2017—prior to his incarceration in federal prison—state officials in Bay County, Florida executed a violation-of-probation warrant for his violation of probation in Bay County Circuit Court Case No. 2016-CF-1551. Doc. 1 at 1 & Attach. After Susick was taken into state custody, federal officials placed a hold on him for pending federal criminal charges. Doc. 1 & Attach. On October 13, 2017, the Bay County Circuit Court released Susick on his own recognizance ("ROR") so that federal authorities could take custody of him for resolution of his federal charges. Doc. 1 at 1; *see also* R&R Attach. 1 (Docket Sheet for Bay County Circuit Court Case No. 2016-CF-1551).[2] The federal charges resulted in Susick's current imprisonment in the Bureau of Prisons ("BOP") at USP-Terre Haute. Doc. 1.

After Susick was ROR'd on the alleged probation violation and was in federal custody, the Bay County Circuit Court scheduled a VOP hearing for May 16, 2018. *See* R&R Attach. 1. Susick failed to appear for the hearing, and the Bay County

---

[2] Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of docket entries in Susick's state criminal case, Bay County Circuit Court Case No. 2016-CF-1551. *See Long v. Slaton*, 508 F.3d 576, 578 n.3 (11th Cir. 2007) (recognizing that a judge is not always limited to the four corners of the complaint at the dismissal stage and taking judicial notice of facts contained in a report from a state agency); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (noting that a judge permissibly looked at docket sheets at the dismissal stage because "docket sheets are public records of which the court could take judicial notice").

Circuit Court issued a capias based on his failure to appear. Doc. 1, Attach.; *see also* R&R Attach. 1 (Docket Sheet, "Events"). Susick does not allege—nor does the state-court docket indicate—that the outstanding warrant was executed.

In 2020, Susick wrote a letter to the public defender's office in Bay County, Florida, seeking assistance to resolve the probation-violation charge. On July 21, 2020, the public defender's office responded:

> As long as you are in federal custody there is **nothing** we can do with your pending case(s) here in Bay County. We **cannot** get you from federal custody and bring you down here to resolve your case(s). We have no authority to force the federal government to do anything regarding your custody status. Upon your release from federal custody, you will be transported back here to begin the resolution process on your case(s) here in Bay County.

Doc. 1, Attach.

On August 3, 2020, a prison official at FCC-Terre Haute sent a letter to Florida State Attorney Glenn Hess, advising that Susick was requesting disposition of the Bay County probation-violation charge under the Interstate Agreement on Detainers ("IAD"). *See* Doc. 1, Attach. After receiving no response, the prison official at FCC-Terre Haute sent a follow-up letter to Hess on January 14, 2021. *Id*. Susick alleges that to date, he has not received a hearing on the probation-violation charge. Doc. 1 at 1.

Based on the foregoing allegations, Susick claims that the State of Florida is violating his rights under the Fourteenth Amendment and the IAD by failing to

provide him a hearing on the probation-violation charge. Doc. 1 at 1. As relief, Susick appears to seek one or more of the following: (1) removal of the detainer; (2) an order compelling the State of Florida to resolve the outstanding probation-violation charge; and (3) an order dismissing the probation-violation charge. Susick admits that he currently has a parallel habeas corpus proceeding pending in the United States District Court for the Southern District of Indiana. Doc. 1 at 1; *see Susick v. Warden*, No. 2:22-cv-00087-JRS-MJD (S.D. Ind. Mar. 7, 2022).

## II. SCREENING OF SUSICK'S PETITION

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to review, as soon as practicable after docketing, an initiating pleading in a civil action "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court "shall" dismiss the complaint if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(b)(1).

The federal habeas statute provides that:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243; *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

### III. SUSICK'S PETITION FAILS TO STATE A PLAUSIBLE CLAIM FOR RELIEF

Regardless of whether Susick's petition is construed as a civil rights complaint or a habeas corpus petition, his petition should be dismissed because Susick is not entitled to any of the procedural protections provided by the IAD, and he is not being deprived of a constitutional right.

**A.   Susick Has No Claim Under The Interstate Agreement on Detainers**

The IAD is a compact among 48 States—including Florida—the District of Columbia, Puerto Rico, the Virgin Islands, and the United States of America. *Carchman v. Nash*, 473 U.S. 716, 719 (1985). Article III of the IAD "gives a prisoner incarcerated in one State [the sending State] the right to demand the speedy disposition of 'any untried indictment, information or complaint' that is the basis of a detainer lodged against him by another State [the receiving State]." *Carchman*, 473

U.S. at 718-19.[3] If the prisoner makes such a demand, the IAD requires the authorities in the receiving State to bring him to trial within 180 days, or the court must dismiss the indictment, information, or complaint, and the detainer will cease to have force or effect. *Carchman*, 473 U.S. at 721.

Critically for this case, however, a probation-violation charge "does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution." *Carchman*, 473 U.S. at 725 ("A probation-violation charge . . . does not come within the terms of Art. III [of the IAD]."). Thus, the IAD does not apply to detainers based on probation-violation charges. *Carchman*, 473 U.S. at 726, 734. Because Susick has no plausible claim for relief against the State of Florida for violation of the IAD, this claim should be dismissed.

**B.    Susick Has No Claim Under The Fourteenth Amendment**

The Supreme Court has never held that a prisoner subject to a probation-violation detainer has a due-process right to a speedy probation-revocation hearing. *Carchman*, 473 U.S. 731 n.10 (citing *Moody v. Daggett*, 429 U.S. 78 (1976) (a prisoner in a federal penitentiary who is subject to a federal parole-violation warrant and detainer is not constitutionally entitled to a prompt parole-revocation hearing)).

---

[3] "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman*, 473 U.S. at 719.

"Issuance of the warrant and notice of that fact to the institution of confinement" does "no more than express the [State's] intent to defer consideration of [probation] revocation to a later time." *Moody*, 429 U.S. at 86. It is the "*execution of the warrant and custody under the warrant*" that constitutes "the operative event triggering any loss of liberty attendant upon parole revocation." *Moody*, 429 U.S. at 87 (emphasis added).

Applying these principles to Susick's circumstances, Florida's issuance of the capias for Susick's failure-to-appear on the probation-violation charge—and its notice of that fact to the BOP—does no more than express Florida's intent to defer consideration of the alleged probation violation to a later time. Florida has no constitutional duty to provide Susick an adversary probation-violation hearing until it takes him into custody as a probation violator by *executing* the outstanding capias. *See Moody*, 429 U.S. at 87. Because Susick has no plausible claim for relief against the State of Florida for violation of a constitutionally-protected right related to his probation-violation charge, his Fourteenth-Amendment claim also must be dismissed.

Multiple courts faced with similar cases promptly dismissed them. *See, e.g., Christensen v. Zavaras*, 166 F.3d 346 (10th Cir. 1998) (unpublished table decision) (dismissing—for failure to allege the violation of a federal constitutional right—Colorado inmate's habeas petition claiming that his rights under the IAD and the

Due Process Clause were violated by the State of Montana's failure to act on a detainer for a probation-violation charge and its failure to hold a probation-violation hearing); *Vuorela v. State of Maryland.*, 867 F.2d 610 (4th Cir. 1989) (unpublished table decision) (dismissing—for failure to state a claim—Virginia prisoner's civil rights complaint alleging that the IAD and the Fourteenth Amendment entitled him to a speedy probation-revocation hearing arising from a Maryland probation-violation detainer); *Bunch v. Florida*, No. 8:13-cv-2763-CEH/TGW, 2015 WL 1647945 (M.D. Fla. Apr. 14, 2015) (dismissing federal prisoner's habeas petition challenging detainer lodged against him by the State of Florida for a probation-violation charge; prisoner's claim that Florida's delay in resolving the probation-violation charge failed to state a plausible claim for violation of the IAD or the Constitution); *Boose v. Esp*, No. 5:11-cv-310-MMP/EMT, 2012 WL 3668084 (N.D. Fla. July 13, 2012) (same), *Report and Recommendation adopted*, 2012 WL 3641447 (N.D. Fla. Aug. 24, 2012).

C. **<u>Notice to the Attorney General of Florida Regarding the Indiana Case</u>**

The State of Florida is not a party to Susick's federal habeas action in the Southern District of Indiana, nor has the State of Florida received notice of that action. The United States Attorney for the Southern District of Indiana has asserted that the State of Florida violated Susick's rights under the IAD by failing to resolve his VOP charge, and that the Bureau of Prisons should be ordered to "invalidate and

remove any relevant detainer(s) lodged by officials in Bay County, Florida, that are the subject of Susick's Petition." *See* Case No. 2:22-cv-00087-JRS-MJD, Doc. 11 (S.D. Ind. June 2, 2022). The United States Attorney, however, did not address *Carchman*'s holding that the IAD does not apply to probation-violation charges. The district court in the Southern District of Indiana has not yet ruled on Susick's habeas petition and might benefit from briefing by the Attorney General of Florida. The undersigned, therefore, recommends that this District Court provide the Attorney General of Florida with a copy of this report and recommendation and the District Court's order addressing the same.

### IV. CONCLUSION

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that:

1. Susick's "Petition for a Preliminary Injunction and Request for 1983 Packet," Doc. 1, be **DISMISSED** for failure to state a plausible claim for relief. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 2243; Habeas Rule 4.

2. The clerk of the court mail a copy of this Report and Recommendation, and the District Court's order addressing same, to the following:

> Trisha Meggs Pate
> Bureau Chief, Criminal Appeals Division
> Office of the State of Florida Attorney General
> PL-01 The Capitol
> 400 S. Monroe Street
> Tallahassee, FL 32399-1050

3.  The clerk of the court close this case file.

At Panama City, Florida, this 9th day of September, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**